UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Franklin Knox, ) | C/A No. 7:12-2959-TMC-KFM |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Griffin Gear; Joel Griffin, CEO, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## Background

Liberally construed, this *pro se* Plaintiff brings an employment discrimination action alleging a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.  Compl. 4–6.  He seeks damages, and he names two defendants—his former employer, Griffin Gear, and the Chief Executive Officer ("CEO") of Griffin Gear, Joel Griffin.  Compl. 1–2, 7.  Plaintiff seems to allege that Joel Griffin may have been involved with the decision to terminate Plaintiff's employment and that Joel Griffin may not compensate Plaintiff for company stock until 2019.  Compl. 4–6. After a review of the Complaint and the applicable law, this court recommends that one defendant, Joel Griffin, CEO, should be summarily dismissed from this action.[1]

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the

---

[1] In a separate order, issuance and service of process is authorized on Defendant Griffin Gear.

District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a portion of the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The law does not permit Plaintiff to bring suit against Joel Griffin for a violation of the ADEA. The ADEA limits civil liability to the employer, and an employee of the employer is not a proper defendant pursuant to the ADEA. *See Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir. 1994); *Hall v. Branham*, C/A No. 3:10-2054-CMC-JRM, 2012 WL 931040, at *2 (D.S.C. March 19, 2012). Here, Plaintiff seeks to sue Joel Griffin because he is alleged to be the CEO of Plaintiff's former employer, Griffin Gear. He seems to allege that Joel Griffin may have been involved with the decision to terminate Plaintiff's employment and that Joel Griffin may not compensate Plaintiff for company stock until 2019. As such, Plaintiff seeks to sue an individual, Joel Griffin, based on his employment status as the CEO of Griffin Gear. Thus, Plaintiff failed to state a claim on which relief may be granted against Joel Griffin under the ADEA.

**Recommendation**

It is recommended that the District Court dismiss Joel Griffin, CEO, from this action *without prejudice and without issuance and service of process*. At this time, this action is proceeding against the remaining defendant. **Plaintiff's attention is directed to the important notice on the next page.**

                                                                       s/ Kevin F. McDonald
                                                                       United States Magistrate Judge

November 19, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).